James P. and Thomas Peters *vs.* John H. Moss, Admr. &c.

The surety in an attachment bond is a competent witness for the plaintiff in the attachment, upon the trial of an issue taken on the answer of the garnishees of the defendant in the attachment.

Error from the circuit court of Tippah county.

In December, 1839, John H. Moss, as administrator of Aaron McLaughlin, commenced suit, by attachment, against Bernard McLaughlin, who had removed from the State, and gave bond as the statute requires, with Booker Foster as surety therein. The sheriff returned that " the defendant had no property real or personal, and he therefore summoned James P. and Thomas Peters as garnishees." At the return term, James P. and Thomas Peters answered, denying that they owed the defendant, McLaughlin, anything, or had any of his effects in their hands at the time of the service of the garnishment, or since. On their answer issue was taken. At the September term, 1841, when the cause came on for trial, the plaintiff's counsel moved to have George Gray substituted, as surety, for Booker Foster, so far as it related to the costs of the suit between the plaintiff in the attachment and the garnishees, and offered Foster as a witness in the cause, to both of which the defendant's counsel objected, upon the ground that Foster could not be partially released from his liability as surety in the attachment bond, and that he was interested in the result of the suit, and, therefore, incompetent as a witness. These objections were overruled by the court, and Gray permitted to be substituted and Foster to testify, and the defendant's counsel excepted. The jury found for the plaintiff for debt, damages and costs, and judgment was thereupon rendered against the garnishees. The garnishees moved for a new trial, upon the ground that " the verdict was against law and evidence;" their motion was overruled by the court, and they again excepted. They

now bring the case up by writ of error, and assign three causes of error :

1. " The court erred in releasing the witness, Booker Foster, and permitting him to testify..

2. " There is error in the judgment against the garnishees for the costs of the proceeding in the attachment.

3 " The court erred in overruling the motion for a new trial."

*Howard,* for plaintiffs in error.

1. Foster was interested in the result of the suit, and should have been excluded from giving testimony. The release of the court was not broad enough to discharge his interest. Foster was the surety on the attachment bond; the sheriff had returned " no property" of the defendant in attachment, and then garnisheed the Peters. Foster was only discharged for the costs in the issue between the plaintiff in attachment and the garnishees, leaving him still liable for costs and damages on the attachment suit. An attachment being a proceeding *in rem,* and the sheriff having returned no property, if the jury did not find that the garnishees had funds of the defendant's in attachment in their hands, the whole proceeding in attachment fell to the ground, at the cost of the plaintiff. For these costs and damages, Foster was still liable, and therefore incompetent to give evidence. If he proved that the garnishees had funds belonging to the plaintiff in attachment, then the costs of the original attachment would be paid out of those funds. If there were no such funds in their hands, he was liable to pay the costs and damages. That this is such an interest, as renders him incompetent, see 2 Phil. on Ev. (by Cowen & Hill,) page 109, rule 101. 3 Ib. 1536–7. The very judgment of the court in this case, shows that Foster was interested, notwithstanding the substitution of Gray.

The judgment is, that the plaintiff recover of the garnishees the costs of the whole proceeding in attachment out of the funds which Mr. Foster proved were in the hands of the garnishees. If Mr. F. had not proved this, he would have been liable for not only the costs, but damages.

2. The verdict is against evidence.

The whole proof of the plaintiff in attachment was, that the garnishees did once owe the McLaughlins. This is admitted by the garnishees, and avoided, by showing that they had paid them before the service of the summons of garnishment upon them.

*Gholson*, for defendant in error.

The first point to be considered, is, as to the release of the witness, Foster, from liability for the cost of the proceeding, pending before court. Upon this it is submitted, that there can be no question of the authority of the court to release one security for costs, and substitute another. The court might, indeed, have gone further than it did, and have released the witness from his liabilities on the attachment bond entirely, upon the substitution of other security. This has been expressly decided. *Garmon* v. *Barringer*, 2 Dev. & Battle, 502. *McCulloch* v. *Tyson*, 2 Hawks. 336.

It is submitted, however, that Foster was a competent witness, independent of any release. The issue before the circuit court, though growing out of the attachment, had no direct connection with it, and was between different parties. The verdict on that issue, could not, certainly, have been evidence in any case, for or against Foster. He had no fixed, legal interest in the event of that issue. Even if he had a remote or contingent interest, it would not render him incompetent. *Vanmegs* v. *Techum*, 3 Johns. Cases, 82. *Stewart* v. *Kip*, 5 Johns. 256. 10 Johns. 21. A witness, having no interest in the record, is not excluded from testifying, because he may or may not be affected by the result. *Judge of Probate* v. *Green* and *Nevit*, 1 How. 146.

The surety in the attachment bond, is not liable at all for the costs of an issue, made up between the attaching creditor and a garnishee. He is only liable for the costs that may be awarded to the defendant in the attachment; and the costs of such an issue could never be awarded to him.

If the attaching creditor shall fail in his suit, the surety is

bound to the defendant in the attachment, for all such costs and damages as shall be awarded against the creditor, in any suit or suits, which may be hereafter brought for wrongfully suing out the attachment. This court, in *McIntyre* v. *White*, 5 How. 298, held, that the costs of the attachment suit, might be recovered as part of the damages for wrongfully suing out the attachment.

It is clear, that no judgment for costs could be rendered against the surety in the attachment suit; his liability is collateral, and on his bond alone.

It seems equally clear, that he could not be made responsible to the officers of the court, upon a *scire facias*. If his liability is only on the bond, and the costs of the attachment suit are only recoverable as part of the damages for wrongfully suing out the attachment, he could only be made responsible in a suit, at the instance, and in the name of the defendant in the attachment, for those damages.

So far from the surety being liable, directly, for the costs of the attachment suit, a second suit would have to be brought against the attaching creditor—his liability fixed for the damages; and on his failure to pay the costs and damages awarded, and not until then, the liability of the surety commenced, and his bond is forfeited.

If these views of the law be correct, their application to the facts of the case under consideration, will show that the witness, Foster, had either no interest, or an interest so remote and contingent, that it could not render him incompetent.

The only levy of the attachment made in this case, was by summoning the plaintiffs in error, the Peters, as garnishees; and may be said, that unless their liability was fixed, the attachment would fail for want of something to rest upon—that it would be dismissed, there being nothing to give the court jurisdiction, there being no appearance on the part of McLaughlin, the defendant in the attachment.

Admitting this to be true, in what situation would a dismissal of the attachment for want of jurisdiction, leave the witness, Foster? How could he gain or lose by that event?

Surely, McLaughlin, the defendant in the attachment, could not come forward at a future day, and claim costs or damages arising from a proceeding dismissed for want of jurisdiction—a proceeding to which he was no party, either by his person or property. Could the record of dismissal in this case ever be used by him as evidence? It certainly could not, either for or against him, he being no party to it.

If, then, the surety, Foster, is liable only on his bond to McLaughlin, as shown above, the dismissal of the attachment for want of jurisdiction, instead of fixing, would release that liability. Had he been offered as a witness by the garnishees, it might with more plausibility have been contended that he was incompetent; but, offered by the plaintiff in the attachment, he seems rather to be testifying against his interest.

But if Foster had any interest in the result of the issue between the plaintiff in the attachment and the garnishees, it seems to be so remote and contingent, that it certainly cannot render him incompetent. See *Chaffee* v. *Thomas*, 7 Cow. 358. *Soulden* v. *Van Rensselaer*, 9 Wend. 293. In these cases, the witnesses were held competent, their interest being much nearer and more direct than the one in the present case.

*A. M. Clayton*, in reply.

The facts in this case seem to be correctly stated in the accompanying abstract.

The first question is, whether the partial release of Booker Foster, the surety in the attachment bond for the plaintiff, rendered him a competent witness in behalf of the plaintiff? The order of the court purports to release said Foster from his liability on said attachment bond, so far as it relates to the costs of the issue between the plaintiff and garnishees, leaving the bond in force as to the plaintiff and defendant in the attachment; and to justify this order, it was proposed to substitute George Gray in his place, to that extent.

The court could not thus separate a liability, which was entire, into distinct parts. Foster was liable on his bond as an entirety; the order purports to release him in part and to hold

him bound in part. It is submitted that this was error. But this is not all. If the jury find the issue in favor of the garnishees, they recover costs against the plaintiff. H. & H. 555, § 26. The substituted surety, according to the terms of the order of the court, should have become bound to the garnishees. Did he do so ? He gave no bond, but acknowledged himself as security to the plaintiff, for the costs in this case, on the issue joined between the said plaintiff and the said James P. and Thomas Peters, the garnishees. Now the liability of Foster was as surety for the plaintiff to the defendants ; the liability of Gray, the substituted surety, is to the plaintiff for no one in truth. The recognizance is void for repugnancy and uncertainty. If Peters had recovered, he could not, on this undertaking, have rendered Gray liable. The condition of Foster's release, was the substitution of some one else in his place. This was a condition precedent, and as it was never complied with, he was never released, and is on this ground incompetent.

There was error in a partial release, or in an attempted partial release of the surety. By the bond he was liable for the plaintiffs in the attachment, for all costs and damages which might accrue from wrongfully suing out the same. The return on the attachment was that the defendant had no effects, &c., by which he could be attached. The garnishees, who were summoned, answered, denying that they owed the defendants anything, or had any of their effects. In this posture the case was at an end ; the attachment, beyond all doubt, must have been dismissed at the costs of the plaintiff, for which the surety, Foster, was liable on the bond. But issue is taken on the answer of the garnishees, and Foster is brought forward to contradict the answers. He is not competent. Why ? Because he is interested to fix the defendant in court, and thereby avoid a direct responsibility for the costs. They endeavor to obviate that interest. How ? By giving other security to take his place, as between the plaintiff and the garnishees—not as between the plaintiff and defendant. He has a direct interest still remaining (granting that the form of the substitution of another surety was correct, which is not true) in this, that if he does not make the gar-

nishees liable by his testimony, and thereby fix the case in court, the defendant is entitled to a judgment against the plaintiff for the costs of the whole suit, for which the witness is liable on the bond; and the garnishee is entitled to costs on the issue. The order purports to release the witness from this last liability, but does not, in fact, do it, as is shown above; but it does not even purport to release him from the costs to the defendant, which was equally necessary to his discharge and competency. The release stops short, by one half.

It was decided by the court at the present term, in the case of the *Commercial and R. R. Bank of Vicksburg* v. *Lum* et al., that a liability for costs excludes the witness as effectively as a liability for the whole debt. The comparative magnitude of the interest does not enter into the consideration of competency.

It is not denied that Foster might have been released by the substitution of another surety in his place. Many cases of the kind are to be found. 2 Dev. & Bat. 502—which was an attachment bond. 3 Ser. & Rawle, 311. 15 Pick. 51. *Bailey* v. *Bailey*, 1 Bing. 92. 3 Ph. Ev. 1570. These cases all go on the idea and principle, that a new surety is given, who takes the place of the former one, who is entirely discharged of all liability. And this is the only proper and legal mode of proceeding.

It is urged by the counsel of the appellees, that if the plaintiff does not succeed, the judgment is not against the surety for the costs, but he could only be rendered liable upon his bond. If that is so, the principle is the same. The failure in the attachment suit, no matter from what cause, fixes his liability—the judgment in that case is evidence against him of such failure. He is *quasi* a party to the record, and he cannot deny or avoid the recovery of costs against his principal. He is bound for their payment. He is thus clearly within the rule, that a person is incompetent as a witness, if the verdict or judgment in the case in which he is called, may be used as evidence against him. See *Commercial and R. R. Bank, of Vicksburg* v. *Lum,* and authorities, there cited as above.

Bail are always held incompetent. Yet the liability of bail is

collateral, and not direct, precisely as in this case. There must be a new proceeding against them, either by action of debt or otherwise, before they are rendered liable. In the subsequent proceeding, the first judgment is evidence against them, and hence they are not received as witnesses in the first suit.

The very case cited from Dev. & Bat. shows that the surety in an attachment bond, is not competent without release. Some of the others are cases of bail, and establish the same principle. In this case Foster was not released from the bond.

Per Curiam. Moss sued out an attachment against the estate of an absconding debtor, and Booker Foster became his surety in the attachment bond. The plaintiffs in error were summoned as garnishees, and denying that they were indebted to, or had any property belonging to the absconding debtor, issue was taken on the answer, and Foster was introduced as a witness. He was, however, released, by substituting new security, so far as the costs. But he was objected to as incompetent, on the ground of interest.

By the condition of the bond, the surety is only bound for the costs and damages that may be awarded in any suit, to be brought for wrongfully suing out the attachment. How. & Hutch. Dig. 551. He is not liable for the costs in the attachment suit, unless these costs should be awarded as damages in the second suit. This is not only a remote, but a contingent interest. He cannot be said to have a direct interest in the event of the attachment suit. Nor has he a direct interest in the contest with the garnishees, which is a mere collateral inquiry to ascertain what the garnishee owes the defendant. That being established, the verdict against the garnishee could only be evidence to show the amount of damages which the defendant in attachment should recover in the second suit against the principal and surety in the bond, for having wrongfully sued out the attachment, on the supposition that the amount recovered against the garnishee would be recovered back, in case the attachment was wrongfully sued out; then the witness, being also liable to any such recovery, was interested, if at all, to

Peters *v.* Moss.

diminish the amount of recovery against the garnishee, and consequently against the plaintiff ; because if the plaintiff failed to get a verdict against the garnishee, that much risk was taken off the witness. So that he was properly admitted as a witness, and the judgment must be affirmed.

Mr. Justice CLAYTON, having been of counsel in the cause, gave no opinion.